**In re ITRON, INC., Petitioner.**

**No. 692.**

United States Court of Appeals,
Federal Circuit.

Jan. 16, 2002.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

CLEVENGER, Circuit Judge.

ORDER

Itron, Inc. petitions for a writ of mandamus to direct the United States District Court for the District of Minnesota to "apply the current law as set forth in *Festo Corp. v. Shoketsu Kogyo Kabushiki Co.,* 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir. 2000) (en banc), cert. granted, —— U.S.——, 121 S.Ct. 2519, 150 L.E.2d 692 (2001), and place the underlying matter back on the trial calendar."

This matter stems from a declaratory judgment action and counterclaim for infringement brought in the Minnesota district court. On December 21, 2001, the district court ruled on four pending motions. The district court denied Itron's motion for reconsideration of the order denying summary judgment of noninfringement of Ralph Benghiat's patent, denied Benghiat's motion for clarification or

reconsideration of the district court's claim construction, denied Itron's motion to strike a supplemental declaration, and "denied at this time" Itron's motion to exclude infringement under the doctrine of equivalents based on *Festo*. With respect to the last motion, the district court stated that:

In *Festo* [citation omitted], the Federal Circuit recently changed the law with respect to prosecution history estoppel by holding that "[w]hen a claim amendment creates prosecution history estoppel with regard to a claim amendment [sic] [element], there is no range of equivalence [sic] for the amended claim element." Id. at 569. Leaving no room for ambiguity, the Court further stated: "We hold that prosecution history estoppel acts as a complete bar to the application of the doctrine of equivalence [sic] when an amendment has narrowed the scope of the claim for a reason related to patentability." Id. at 574. In light of this holding, Itron claims that because every claim limitation in the '456 patent has been amended so as to narrow the scope of the originally filed claim and such amending was done for reasons of patentability, *Festo* precludes any range of equivalents under the doctrine of equivalents as a matter of law.

As the parties are well aware and as the Court noted at the motion hearing, the United States Supreme Court has granted a writ of certiorari in *Festo*. Oral argument is scheduled for January 8, 2002. Given the importance of this decision and its potential impact on this case, the Court believes it best to wait for the Supreme Court's decision, which likely will be issued no later than June 2002. Accordingly, the Court will continue trial for a date certain to be set in September/October, 2002. The Court anticipates that this schedule will coordinate well with the extended discovery period the Court has set out above.

Itron argues that it is entitled to a decision at this time based on the law as it exists today. Itron further argues that there is no assurance that the law of *Festo* will be fully settled any time soon because the Supreme Court could remand the case.

 The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporate Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

 We are not persuaded that the district court has abused its discretion. It has ordered a short stay and stated that the trial will be set in the fall. Both decisions are well within the discretion of the district court to manage its own docket and promote judicial efficiency. Indeed, if the district court had merely stated that there was not a trial date available until fall, we doubt that a mandamus petition would have been filed. With respect to the length of the stay, Itron is free to ask the district court to reconsider if it appears that the law of *Festo* will not be settled in the near future.

Accordingly,

IT IS ORDERED THAT:

Itron's petition for a writ of mandamus is denied.